UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN and XAVIER BACERRA,<br><br>    Respondent. | Case No. 1:19-cv-00337-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR LACK OF JURISDICTION<br><br>ECF No. 1 |

Petitioner Zane Hubbard, a state prisoner without counsel, has been sentenced to a term of 39 years to life, following his conviction for multiple gang-related offenses, including kidnapping, carjacking, and robbery. *See Hubbard v. Gipson*, No. 1:13-cv-1758, 2016 WL 5341283, at *1 (E.D. Cal. Sept. 22, 2016). Following his conviction, petitioner has filed more than two hundred petitions in state and federal courts, ECF No. 1 at 9, for a wide variety of matters, ranging from alleged treason by the governor of California to alleged attempted sterilization by prison staff. *See* Case Nos. 1:18-cv-181, 1:19-cv-132, 1:19-cv-287. In this case, the court has received another petition for writ of habeas corpus from petitioner, in which he does not challenge the legality of custody. ECF No. 1. Petitioner alleges that his complaints filed in state and federal courts, grievances filed in prison, and "grand jury complaint[s]" have gone unanswered. *Id.* at 6, 8-10. This allegation is untrue. Petitioner has litigated habeas claims on the merits before this court. *See Hubbard*, 2016 WL 5341283, at *1. Judicial opinions in dozens

of cases indicate that judges in this district have given petitioner's claims fair consideration. *See*, *e.g.*, *Hubbard v. Kings Cty.*, No. 1:19-cv-132, 2019 WL 3842822 (E.D. Cal. Aug. 15, 2019); *Hubbard v. Stainer*, No. 1:19-cv-601, 2019 WL 2464776 (E.D. Cal. June 13, 2019); *Hubbard v. State Justice Inst. Act of 1984*, No. 1:19-cv-613, 2019 WL 2464797 (E.D. Cal. June 13, 2019); *Hubbard v. Brown*, No. 1:18-cv-181, 2018 WL 953167 (E.D. Cal. Feb. 20, 2018).

The matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

I recommend that the court dismiss the case at screening. Petitioner's sole claim is that unidentified state actors have violated his due process rights because he has been denied access to courts. Although the alleged denial of access to courts may concern some habeas claims he litigated in the past, the petition in this case does not explain how his custody violates federal law. Without such an argument, the success of the petition cannot result in speedier release of petitioner, so this court lacks jurisdiction and cannot grant habeas relief. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). If petitioner wishes to litigate his claim, he must file a Section 1983 complaint, *see id.*, and the complaint must contain allegations that would withstand screening, *see* 28 U.S.C. § 1915A(a) and Fed. R. Civ. P. 8.

The court should decline to convert the petition into a Section 1983 complaint. Petitioner has three strikes under the Prison Litigation Reform Act, *Hubbard v. United States of America*, No. 1:14-cv-905, ECF No. 6 (E.D. Cal. June 30, 2014), so he must either satisfy the imminent-danger exception or pay the full filing fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Petitioner has done neither. Furthermore, his allegations are conclusory.

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253;

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

I recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: September 24, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202